IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:19-CV-00398-TES-CHW |
| COMMISSIONER GREGORY C. DOZIER, *et al.*, | : | |
| Defendants. | : | |

# ORDER

*Pro se* Plaintiff Earnest Barnard Clayton, an inmate most recently confined in the Baldwin State Prison in Hardwick, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also moved to proceed *in forma pauperis* (ECF No. 2). Plaintiff's prison trust fund account information shows that he currently has more than seven thousand dollars in his account. Mot. Proceed IFP 2, ECF No. 2. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is therefore **DENIED**. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to pay the filing fee. **Failure to comply with this Order may result in the dismissal of Plaintiff's Complaint.**[1] If, prior to paying the filing fee,

---

[1] Plaintiff has also stated that he "needs help from this court" in order to pay the filing fee. To the extent that Plaintiff is suggesting that prison officials will not let him use the money in his prison trust fund account to pay the filing fee, he may show the appropriate prison official this Order when he requests such payment. If the prison official refuses to pay the fee from Plaintiff's trust fund account, Plaintiff should notify the Court of: (1) the name of the prison official from whom he requested the payment; (2) the date he made such request; and (3) the date that he was notified that the prison official would not comply. If Plaintiff

Plaintiff decides that he no longer wishes to go forward with this action, he may so notify the Court and thereby avoid incurring the $400.00 obligation.

Plaintiff is also **DIRECTED** to refile his complaint using the standard § 1983 form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed. **The recast complaint will supersede (take the place of) the original complaint filed in this case (ECF No. 1).** The Court will not look back to this document to determine whether Plaintiff has stated a colorable constitutional claim. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to (1) pay the required $400.00 filing fee and (2) to refile his Complaint with the Clerk of Court. **If Plaintiff does not timely and fully comply with this Order, this action will**

---

receives notification in writing from the prison official regarding an inability to comply, Plaintiff should provide the Court with a copy of this notification.

**be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change of address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 27th day of December, 2019.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge